Contracts; indefinite quantities; defendant’s fulfillment of its obligations. — On March 28, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
The question before us is whether plaintiffs government contract had been breached by defendant at the time plaintiff asked the Government to terminate the agreement. The answer turns on whether, as defendant urges, the contract was an indefinite quantities contract, limited in amount; if it was, there was no breach. We hold that the contract was of that indefinite quantities type, and that there was no breach. The case comes before us on the *690 Government’s motion for summary judgment on that ground (and others).
The contract was a Department of Housing and Urban Development agreement to provide repair and inspection services to houses owned by victims of a flood disaster in Kansas City, Missouri. The contract called for 100 minimum units at $100 each (total amount, $10,000) and a maximum of 500 units at the same unit price. The contract term was 30 days unless extended, and it was understood that the contractor’s rights were non-exclusive, that the Government would have the right to contract with others or to use its own employees. Another provision stated that the estimated cost was $100 per unit and the minimum amount of the contract was $10,000.
Between October 20, 1977 and November 4, 1977, plaintiff was assigned a total of 77 units for an average of about 5.5 units per day. The payments to plaintiff were $11,541, thus exceeding the guaranteed minimum price of $10,000. On November 4, 1977, plaintiff informed the contracting officer that it would cease all activity under the contract because it had not received a minimum of 30 units per day. The defendant accepted this termination and offered to alter the contract quantity to 77 units (rather than 100 units). Plaintiff did not accept this modification, and also refused a government offer of an additional 23 units to bring the total up to 100.
We agree with defendant that the Government’s only obligation under this contract was to order, within 30 days, a minimum of 100 units at $100 each, totaling $10,000. See 41 C.F.R. § 1-3.409(c); Coastal States Petrochemical Co. v. United States, 214 Ct. Cl. 520, 559 F.2d 1 (1977), cert. denied, 435 U.S. 942 (1978). This obligation was in the precise course of fulfillment when plaintiff terminated the agreement, and defendant, having already ordered 77 units, even offered to order 23 additional units (so as to make up the full 100 minimum).
Plaintiffs claim that it could count on more than 100 units is based on the "Performance” clause of the contract which declared that the individual assigned to the work "shall be required to meet a minimum field production schedule of 30 units per day within 72 hours after execution *691 of the agreement.” Plaintiff interprets this provision as meaning that it would receive orders for 30 units per day for 30 days. But in the context of the contract as a whole, it is clear to us that this requirement merely described the obligation of plaintiff if it happened to be called upon by the Government to complete 30 units per day. This "performance” clause did not change or modify the Government’s obligations or the other provisions of the contract which (a) set the guaranteed minimum price ($10,000), (b) established the minimum number of units (100), and (c) made it clear that plaintiff was not the exclusive contractor. All the contract provisions, as well as the general purpose of the contract, fit well with defendant’s interpretation of the "performance” clause. On the other hand, plaintiffs construction of that clause jars with the other provisions of the agreement, as well as with the flexible objectives of the contract to limit the defendant’s obligations with respect to this contractor.
It follows that defendant did not breach the contract and plaintiff is not entitled to recover.
it is therefore ordered, without oral argument, that defendant’s motion for summary judgment is granted and the petition is dismissed.